IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN HAYES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. 17-174<br>Chief Magistrate Judge Maureen P. Kelly |
| v. | ) ) | |
| MIKE GILMORE, MR. DELASANDRO, MS. TRACY SHAWLEY, MR. WAINE, MS. LINDSEY, SHELLY MANKEY, MAJOR CARO, LT. STICKLES, LT. FOX, and JOHN/JANE DOES, | ) ) ) ) ) ) | Re: ECF Nos. 20 and 26 |
| Defendants. | ) | |

# ORDER

Plaintiff Steven Hayes ("Plaintiff"), an inmate at the State Correctional Institution at Greene, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs.

Presently before this Court is a Motion for a Preliminary Injunction, ECF No. 20, and a Motion for an evidentiary hearing on the Motion for a Preliminary Injunction, ECF No. 26. In the Motion for a Preliminary Injunction, Plaintiff requests that the Court order: (1) that Plaintiff receive psychotherapy for two hours per week and (2) the reduction in "unjustified punishment" Plaintiff is undergoing resulting in inadequate phone calls and commissary purchases. ECF No. 20 at 1. Also before the Court is Defendants' Response to the Motion for Preliminary Injunction, ECF No. 27.

Inmate *pro se* pleadings which seek extraordinary or emergency relief in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. Four factors govern a district court's decision in such

matters:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

In this case, review of Plaintiff's Motion for Preliminary Injunction leads the Court to conclude that Plaintiff has not made the demanding showing required for this extraordinary form of relief. As an initial matter, Plaintiff has not yet met his threshold obligation of showing reasonable likelihood on the merits. In addition, Plaintiff has not made a showing of immediate irreparable harm justifying a preliminary injunction. Plaintiff has not established the necessity for the federal court to intervene and render an ad hoc individual decision which could adversely affect the public's interest in penological order. Accordingly, the Motion for Preliminary Injunction, ECF No. 20, is denied. The Motion for an evidentiary hearing thereupon, ECF No. 26, is denied as moot.

AND NOW, this 8th day of May, 2017, IT IS HEREBY ORDERED that the Motions, ECF No. 20 and 26, are DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Steven Hayes
MQ-5447
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record via CM-ECF